UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
OPTION ONE MORTGAGE CORP.

          MEMORANDUM AND ORDER

        Plaintiff,          CV 07-3482

        -against-         (Wexler, J.)

PREMIUM CAPITAL FUNDING, LLC
D/B/A/ TOPDOT MORTGAGE, JEFFREY
FANTASIA, STUART H. SOJCHER AND
JASON HABANEC,

        Defendants.
------------------------------------------------------------X
APPEARANCES:

    FEIN, SUCH, KAHN & SHEPARD, P.C.
    BY: SAMIT G. PATEL, ESQ.
    Attorneys for Plaintiffs
    7 Century Drive, Suite 201
    Parsippany, New Jersey 07054

    AMERICAN MORTGAGE LAW GROUP, PC
    BY: RYAN F. THOMAS, ESQ.
    Attorneys for Defendant Premium Capital Funding, LLC
    75 Rowland Way, Suite 350
    Novato, California 94945

    LAW OFFICES OF VINENT AMATO
    BY. VINCENT AMATO, ESQ.
    Attorneys for Defendant
    One Blue Hill Plaza, 4th Floor
    P O Box 1537
    Pearl River, NY 10965

    NEIL H. GREENBERG & ASSOCIATES, P.C.
    BY: NEIL H. GREENBERG, ESQ.
    Attorneys for Defendant Jason Habanec
    900 Merchants Concourse Suite 214
    Westbury, NY 11590

WEXLER, District Judge

This is a diversity case arising out of a fraudulent loan transaction. Plaintiff alleges causes of action in fraud, breach of contract and negligence. Presently before the court is Defendants' motion to dismiss, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure ("Rule 41(b)") for failure to prosecute.

Rule 41(b) provides for involuntary dismissal of a complaint if the plaintiff "fails to prosecute or comply with [the Federal Rules] or a court order . . ." Fed. R. Civ. P. 41(b). A motion under Rule 41(b) is committed to the discretion of this court. Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996). In determining whether a dismissal with prejudice is warranted under Rule 41(b), the court must examine the following factors: (1) the duration of plaintiff's failure; (2) whether plaintiff received notice that further delay would result in dismissal; (3) whether defendant will suffer prejudice by further delay; (4) a balancing of the need to relieve the court's calendar congestion with the plaintiff's right to due process; and (5) the efficacy of lesser sanctions. Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir.1994)). No one factor is dispositive. See Nita v. Conn. Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir.1994).

Failure to prosecute may involve: a plaintiff's "pattern of dilatory conduct" or " 'an action lying dormant with no significant activity to move it.' " Barahman v. Sullivan, 1992 WL 226293, at *1 (E.D.N.Y. May 15, 1992) (quoting Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir.1982). Importantly, the Second Circuit has instructed that dismissal pursuant to Rule 41 is a "a harsh remedy to be utilized only in extreme situations." Theilmann v. Rutland Hospital, Inc., 455 F.2d 853, 855 (2d Cir. 1972); see also Spencer v. Doe, 139 F.3d 107, 112 (2d Cir. 1998).

Upon review of the circumstances here it is clear that dismissal under Rule 41(b) is completely unwarranted. This case was filed in August of 2007. Premium Capital was served

with the complaint on September, 12, 2007. The remaining defendants were served by October 15, 2007. The time for the last named to Defendant to respond to the complaint was extended until January of 2008.

In a letter dated April 14, 2008, counsel for Premium Capital (the moving party in this motion) submitted a proposed scheduling order, on consent of the parties. That order was accepted and "so ordered" by the Magistrate Judge Lindsay, with a minor modification, on April 15, 2008. The terms of the scheduling order provide for a discovery cut off date of December 31, 2008 and a final conference on February 27, 2009. The parties thereafter stipulated to the filing of an amended complaint, which was filed on April 29, 2008.

There is a complete absence of facts warranting dismissal. Indeed, under the circumstances here, the motion borders on the frivolous. Plaintiff has neither disobeyed a court order, nor failed to diligently prosecute this case. There is no evidence that the parties have failed to adhere to a discovery plan. If the parties are experiencing difficulties with discovery, they may enlist the assistance of the assigned Magistrate Judge.

The motion to dismiss pursuant to Rule 41(b) is denied. The parties are to proceed with discovery. The Clerk of the Court is directed to terminate the motion.

SO ORDERED.

_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
August 12, 2008